UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:05-20083-CIV–COOKE/BROWN

CALANDRA HICKS,
DARCEL JONES and
MARCEL MOYSE,

     *Plaintiffs,*

vs.

REBUILDING OUR COMMUNITY,
INC., a Florida Corporation,
GH HOMES REALTY & INVESTMENTS,
INC., a Florida Corporation,
CONNOLLY & VILLEGAS CPAs, P.A.,
GUILLERMO ESCALONA (a/k/a/
WILLY ESCALONA and CARLOS
COLONOS), FRANCISCO VILLEGAS
(a/k/a FRANK VILLEGAS), and
HOMERO CRUZ,

     *Defendants.*
_____/



FILED by _____ D.C.
MGC
JUN 24 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

**THIS CAUSE** came before the Court upon Defendant Rebuilding Our Community Inc's ("Defendant") Motion to Dismiss Complaint **[DE 18]**, pursuant to Rules 10 and 12 of the Federal Rules of Civil Procedure, filed on February 14, 2004.

In its current Motion, Defendant argues that Plaintiffs, Calandra Hicks, Darcel Jones and Marcel Moyse's ("Plaintiffs") Complaint must be dismissed because: (1) "Plaintiffs failed to differentiate between those acts performed by Defendant, Rebuilding our Community, Inc. ("Defendant" or "Rebuilding"), and those acts done by the remaining purported 'agents' in their

individual and/or official capacities;" and (2) "Plaintiffs failed to attach copies of any of the purported contracts" at issue. *See* Defendant's Motion to Dismiss, 2-8. Defendant argues that the "preferred practice" of pleading is to state each claim for relief under separate counts, otherwise it is difficult for the Court to decipher the Complaint. Defendant also argues that Plaintiff is required to attach a copy of the contract sued upon to the pleadings so as to apprise the Defendant of the nature of the action, thereby enabling him to respond with greater certainty.

Because the Court finds that Plaintiffs Complaint complies with the pleading requirements under Fed. R. Civ. P. 8(a), Defendant's Motion to Dismiss is **DENIED**.

## I.   *Legal Standard*

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. Fed. R. Civ. P. 12(b)(6). "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" *Bradbury v. Pinellas County*, 789 F.2d 1513, 15115 (11th Cir. 1986)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *Hirshon v. v. King and Spalding*, 467 U.S. 69 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986).

## II. *Discussion*

Plaintiff pleads one count of race discrimination in the sale of housing in violation of the Fair Housing Act, and one count for breach of contract in its Complaint. With regard to count one, a fair reading of the Complaint sufficiently alerts Defendant to the extent and nature of the claims made against it. In fact, the Complaint specifically alleges Rebuilding's actions relating to its alleged violation of the Fair Housing Act.

Pursuant to the Fair Housing Amendment Act of 1988 it is unlawful to, among other things "refuse to sell...after the making of a bona fide offer, or to refuse to negotiate for the sale...of, or otherwise make unavailable or deny, a dwelling because of race...." *See Secretary, United States Dep't of Housing & Urban Dev.*, 908 F.2d 864, 868 (11th Cir., 1990).

Here, Plaintiffs have clearly satisfied the notice pleading requirements of Fed. R. Civ. P. 8(a) by providing Defendant with sufficient information so as to enable Defendant to respond with certainty. *See* Complaint at 4-13. Defendant's motion to dismiss or for a more definite statement must therefore fail.

Similarly, Defendant's claim that Plaintiffs failed to attach to the Complaint the documents referenced therein, also lacks merit. Although the attachment of the documents referenced in the Complaint would be extremely helpful to the Court in its review of the Complaint, it is not required under the Federal Rules or Federal case law. Furthermore, the Florida Rules of Civil Procedure are inapplicable. Defendant should recall that even though "Florida substantive law applies to this diversity action, federal procedural law governs." *See Caster v. Hennessey*, 781 F.2d 1569, 1570

(11th Cir., 1986).[1] Since Defendant has not indicated any applicable authority requiring Plaintiff to file the documents with the Court, Defendant's argument fails. As such, Plaintiff's Complaint cannot be dismissed.

**THE COURT** has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss or in the Alternative Motion for a More Definite Statement is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24 day of June, 2005.

*[signature]*
**THE HONORABLE MARCIA G. COOKE**
**UNITED STATES DISTRICT JUDGE**

cc:

*All Counsel of Record*

---

[1] "[A] federal court need not adhere to a state's strict pleading requirements but should instead follow Fed. R. Civ. P. 8(a)." *See Caster*, 781 F.2d at 1570.